UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE NELSON BULA,

Petitioner,

v.                                              Case No: 6:17-cv-712-Orl-28GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

Respondents.
_____/

## ORDER

This cause is before the Court on a Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 10) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 11) and an Amended Reply (Doc. 13) to the Response. For the following reasons, the Court concludes that the Petition is untimely.

### I. PROCEDURAL BACKGROUND

The State Attorney of the Ninth Judicial Circuit charged Petitioner by Information in Orange County, Florida with one count of lewd and lascivious molestation (Count One), one count of lewd and lascivious conduct (Count Two), one count of lewd and lascivious exhibition (Count Three), and one count of showing obscene material to a minor (Count Four). (Doc. 10-2 at 27-30). A jury found Petitioner guilty as to Counts

One, Two, and Four and not guilty of Count Three. (*Id.* at 82-85). On November 3, 2009, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of twenty-five years as to Count One and to time served as to Count Four. (*Id.* at 86-91, 124). The trial court did not sentence Petitioner as to Count Two because it found that Count Two "was consumed into Count 1." (*Id.* at 124).

Petitioner filed a direct appeal, and Florida's Fifth District Court of Appeal ("Fifth DCA") entered a written opinion on April 15, 2011, finding that Petitioner's conviction as to Count Two should be vacated. (Doc. 10-3 at 180-81). As a result, the Fifth District affirmed in part, reversed in part, and remanded the case for correction. On June 17, 2011, the trial court vacated the conviction for Count Two. (Doc. 10-4 at 153-54). The trial court directed the clerk of the court to prepare "an Amended Judgment *nunc pro tunc* November 3, 2009 . . . ." (*Id.* at 154). There is no indication that Petitioner appealed the amended judgment.

On December 19, 2011, Petitioner filed a petition for writ of habeas corpus,[1] which the Fifth DCA denied on April 13, 2012. (Doc. 10-3 at 186-203, 224).

---

[1] Unless otherwise noted, the pleadings filed by Petitioner after the conclusion of the direct appeal were *pro se*. References to the filing date of those pleadings shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

2

On December 12, 2011, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which he later amended. (*Id.* at 226-68, 277-79). The trial court denied the Rule 3.850 motion. (*Id.* at 330-35). On June 24, 2014, the Fifth DCA affirmed the denial *per curiam*. (*Id.* at 409). Mandate issued on August 14, 2014. (*Id.* at 417).

On August 11, 2014, Petitioner filed a successive Rule 3.850 motion, which the trial court denied. (*Id.* at 419-47; Doc. 10-4 at 25-27). The Fifth DCA affirmed *per curiam* on February 24, 2015. (Doc. 10-4 at 77). Mandate issued on April 17, 2015. (*Id.* at 81).

On January 8, 2015, Petitioner filed a petition for writ of habeas corpus, which the Fifth DCA denied on March 25, 2015. (*Id.* at 83-89, 94). The Fifth DCA denied Petitioner's motion for reconsideration and motion to transmit judgment on May 13, 2015. (*Id.* at 101).

On June 15, 2015, Petitioner filed a second petition for writ of habeas corpus, which the trial court dismissed on July 18, 2016. (*Id.* at 103-09, 114-16). The Fifth DCA affirmed *per curiam* on December 27, 2016. (*Id.* at 142). Mandate issued on February 20, 2017. (*Id.* at 146).

On September 16, 2016, Petitioner filed a third petition for writ of habeas corpus, which the Supreme Court of Florida dismissed on November 9, 2016. (*Id.* at 148-52, 157). The Petition here was filed on April 17, 2017. (Doc. 1 at 13).

II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 2244,

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III. ANALYSIS

In the present case, the Fifth DCA issued its direct appeal written opinion on April 15, 2011. In *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-56 (2012), the Court held if a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional ninety days for filing a petition for writ of certiorari. Petitioner did not file a petition for discretionary review with the Supreme Court of Florida, nor did he file a petition for writ of certiorari with the Supreme Court

4

of the United States. Therefore, pursuant to *Gonzalez*, Petitioner is not entitled to the tolling of an additional ninety days of the limitations period. Consequently, Petitioner's conviction became final on April 15, 2011, and under § 2244(d)(1)(A), Petitioner had through April 16, 2012, absent any tolling, to file a federal habeas petition.

Pursuant to section 2244(d)(2), the one-year period is "tolled" for the time during which a properly filed state postconviction or collateral proceeding is pending. When Petitioner filed his first Rule 3.850 motion on December 12, 2011, 241 days of the one-year period had run. Those proceedings concluded on August 14, 2014.

Although Petitioner filed a second Rule 3.850 motion on August 11, 2014, the trial court found that the motion was "procedurally barred as untimely under Rule 3.850(b)" and was "procedurally barred as successive." (Doc. 10-4 at 26). As a result, the second Rule 3.850 motion did not toll the one-year period. *See Gorby v. McNeil*, 530 F.3d 1363, 1368 (11th Cir. 2008) (an untimely motion was not "properly filed" for purposes of AEDPA's tolling provision). Thus, the one-year period expired 124 days later on December 16, 2014.

All of Petitioner's other postconviction motions were filed after the one-year period had expired, and, therefore, did not toll the one-year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is

filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Consequently, the Petition was untimely.[2]

Petitioner maintains that he is entitled to tolling because he is actually innocent of the crimes of which he was convicted. To establish an actual innocence claim, a petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in view of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citation omitted) (quotation omitted) (the petitioner must show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Nevertheless, "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386. Moreover, in determining the applicability of this exception, the timing of the petition "is

---

[2] Alternatively, the trial court vacated the conviction for Count Two on June 17, 2011. Petitioner did not appeal, and the conviction became final on July 11, 2011. When Petitioner filed his first Rule 3.850 motion on December 12, 2011, 153 days of the one-year period had run. Those proceedings concluded on August 14, 2014, and 147 days of the one-year period ran until Petitioner filed his petition for writ of habeas corpus on January 8, 2015. Those proceedings concluded on March 25, 2015, and the one-year period expired 65 days later on May 29, 2015. All of Petitioner's other postconviction motions were filed after the one-year period had expired and did not toll the one-year period.

The Court also finds that, even if the first petition for writ of habeas corpus proceedings were deemed concluded on May 13, 2015, the Petition was untimely as the second petition for writ of habeas corpus proceedings, which commenced on June 15, 2015 (May 13, 2015, to June 15, 2015, was a total of 33 days), concluded on February 20, 2017. Thus, the one-year period expired 32 days later on March 24, 2017.

6

a factor bearing on the reliability of th[e] evidence purporting to show actual innocence." *Id.* (citation omitted) (quotation omitted).

Petitioner has presented nothing to indicate the existence of evidence to show that no reasonable juror would have convicted him. Petitioner raises vague and conclusory allegations of actual innocence, which are insufficient to undermine the Court's confidence in the outcome of Petitioner's criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner has not presented any reliable new evidence, and his allegations do not suggest that any such evidence exists. *See Cochrane v. McNeill*, No. 8:09-CV-881-T-30TGW, 2009 WL 1748522, at *2 (M.D. Fla. June 18, 2009) (rejecting a claim of actual innocence when the petitioner merely presented evidence known and available prior to trial and contended that the evidence presented at trial was insufficient to support his conviction). In the absence of such evidence, the Court cannot entertain his untimely petition. Consequently, the Petition is untimely and is denied.

Allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*,

7

568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### V. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a Certificate of Appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE and ORDERED** in Orlando, Florida on March 22, 2019.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record